UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

                                                       Chapter 7

Velda Anne Clarke-James, aka
Velda Anne Clarke,

                                                       Case No.:  24-42162-jmm

                         Debtor.

-------------------------------------------------------------x

Velda A. Clarke-James,

                         Plaintiff,

                     v.                        Adv. Pro. No.: 24-01097-jmm

The Bank of NY Mellon, Jordan S Katz PC, Ronnie
Ginsberg Esq, Kazeny McCubbin LLP, Laurence Cunnie
ESQ, Litton Loan Servicing, Melissa Bell, Marti
Noriega, Debra Lyman, First American Title Inc –
Default Dept, Ocwen Loan Servicing, LLC, Ashley
Kessler, Don Ventura, NCS, Sam Spirgel ESQ,
Mortgage Electronic Registration Systems Inc "MERS",
Darren Pender – Process Server, Douglas S. Thaler,
Timothy W. Salter, Sherry Xia

                         Defendants.

-------------------------------------------------------------x

**MEMORANDUM DECISION AND ORDER ON DEFENDANTS' MOTIONS
TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

## INTRODUCTION

Plaintiff is a debtor in a chapter 7 case.  She is suing her mortgagee, mortgage servicer, and their attorneys, the process server, and others.  In short, she alleges that the defendants engaged in fraud in securing a judgment of foreclosure against her home, violated the automatic stay, and violated her discharge.

The Bank of New York Mellon, Litton Loan Servicing, Ocwen Loan Servicing LLC and Mortgage Electronic Registration Systems Inc. (collectively, the "BNY Defendants") filed a motion to dismiss this Adversary Proceeding.  Mot. to Dismiss, Adv. Pro. ECF No. 20 (the "BNY Mot. to Dismiss").[1]  Additionally, First American Title, Inc. ("First American," and together with the BNY Defendants and the remaining defendants, the "Defendants") filed a motion to dismiss. Mot. to Dismiss, Adv. Pro. ECF No. 24 (the "First Am. Mot. to Dismiss").

For the reasons set forth below:

1.  Plaintiff's claim for violation of the automatic stay is dismissed, without prejudice.

2.  Plaintiff's claim for violation of the discharge injunction is dismissed, with prejudice.

3.  All remaining claims asserted in the Amended Complaint are dismissed, without prejudice.

## BACKGROUND

The Plaintiff's Chapter 7 Bankruptcy Case

Plaintiff filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on May 23, 2024.  *In re Velda A. Clarke-James,* Case No. 24-42162 (the "Bankruptcy Case").

---

[1] Citations to "Adv. Pro. ECF No. __" are citations to documents filed on the docket of this Adversary Proceeding.

Plaintiff owns 186 Schenectady Avenue, Brooklyn, New York 11213 (the "Property"), Am. Schedule A/B: Prop., Bankr. ECF No. 12.[2]  The Property is Plaintiff's home.

Plaintiff states in her Schedules that First Financial Equities Inc. has a claim secured by an unauthorized lien on the Property, and Countrywide Home Loan and Bank of New York Mellon hold general unsecured claims against the Plaintiff.  Schedule D: Creditors Who Have Claims Secured by Prop., Bankr. ECF No. 13; Schedule E/F: Creditors Who Have Unsecured Claims, Bankr. ECF No. 13.

The Court takes judicial notice of a Judgement of Foreclosure and Sale (the "JFS") entered in the action captioned *The Bank of New York Mellon FKA The Bank of New York, as Trustee for Certificateholders CWALT, Inc. Asset-Backed Certificates, Series 2004-24CB v. Velda Clarke-James, et al.*, Index No. 20280/2009, Supreme Court, County of Kings (the "Foreclosure Action").  The JFS was entered on November 19, 2017, and found that $459,057.26 was due to the Bank of New York Mellon ("BNY") as of February 26, 2015.

The Bankruptcy Case was filed as a "no asset case."  Accordingly, the Clerk of Court sent a notice to all creditors advising them not to file proofs of claim.  Bankr. ECF No. 2.  On July 28, 2024, the chapter 7 trustee filed a report of no distribution on the Bankruptcy Case docket, certifying that she "made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate . . . there is no property available for distribution from the estate . . . [and] the estate . . . has been fully administered."  Plaintiff received a chapter 7 discharge on September 24, 2024.  Order Discharging Debtor Chapter 7, Bankr. Case ECF No. 27.

---

[2] Citations to "Bankr. ECF No. __" are citations to documents filed on the docket of the Bankruptcy Case.

3

<u>This Adversary Proceeding</u>

    <u>The Complaint</u>

The Plaintiff commenced this adversary proceeding by filing a Complaint on October 25, 2024.  Adv. Pro. ECF No. 1.  The Plaintiff filed an amended complaint on December 17, 2024 (the "Amended Complaint").  Am. Compl., Adv. Pro. ECF No. 16.  The Complaint alleges that BNY obtained the JFS through fraud.  Am. Compl. ¶5.  Plaintiff alleges that service of the foreclosure complaint was improper, and the state court lacked jurisdiction to enter the JFS. Am. Compl.  ¶¶ 11, 13.  Plaintiff alleges BNY is a Texas entity, therefore the New York state courts lacked jurisdiction over the Foreclosure Action.  Am. Compl. ¶ 14.  Further, Plaintiff alleges BNY used an illegal mortgage assignment, a forged deed, and robo signers, and that BNY is an "impersonated party."  Am. Compl. ¶¶ 15, 16, 20, 21, 30- 38, 50.  Moreover, Plaintiff alleges the law firms and lawyers that are defendants are working together to perpetrate a fraud and the state court participated in the fraud.  Am. Compl. ¶¶ 5, 6, 24–74.

Plaintiff claims Defendants violated her due process rights, equal opportunity rights, rights to life, liberty and property, privacy, civil rights, basic rights, and human rights violating the Third, Fourth, Fifth, and Fourteenth Amendment of the United States Constitution.  Am. Compl. ¶¶ 5, 19, 47, 70.  Plaintiff also asserts claims for fraud and fraud on the court.  Am. Compl. ¶¶ 25-27.  Additionally, Plaintiff alleges Defendants violated the automatic stay and the discharge injunction.  Am. Compl. at ¶ 29.

Plaintiff seeks $54 million in actual and punitive damages, dismissal of the Foreclosure Action, cancellation of the lis pendens, cancellation of the state court order of reference, and removal of the mortgages and clouds on title to the Property.  Am. Compl. ¶¶ 5, 17, 18.

<u>The Motions to Dismiss</u>

The BNY Defendants argue the Amended Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction under the *Rooker-Feldman* Doctrine.  BNY Def. Mot. to Dismiss ¶¶ 7-23.  The BNY Defendants argue the Amended Complaint must be dismissed under Rule 12(b)(6) based on res judicata because the underlying disputes were determined by the JFS.  BNY Def. Mot. to Dismiss ¶¶ 25-29.  The BNY Defendants also argue that any action for fraud is time barred.  BNY Def. Mot. to Dismiss ¶¶ 30-31.  Lastly, the BNY Defendants argue Plaintiff did not adequately plead a claim for violation of the automatic stay because, among other things, Plaintiff has not alleged damages flowing from any alleged violation.  BNY Mot. to Dismiss ¶ 32.

First American argues Plaintiff lacks standing to bring the claims because the claims are property of the bankruptcy estate; therefore, only the chapter 7 trustee has standing to assert the claims.  First Am. Mot. to Dismiss at 7–9.  First American also claims Plaintiff is estopped from asserting the claims because she failed to disclose the claims (which are assets of the bankruptcy estate) in the Plaintiff's Schedules.  First Am. Mot. to Dismiss at 1, 3, 9–10.  Like the BNY Defendants, First American also claims the Court lacks subject matter jurisdiction based on the *Rooker-Feldman* Doctrine, the claims are barred by res judicata, and the claims are time barred.  First Am. Mot. to Dismiss at 5–7, 10–12, 13–14.  Finally, First American argues the Plaintiff failed to adequately plead her claim that First American fraudulently recorded the mortgage on the Property.  First Am. Mot. to Dismiss at 12–13.

On February 18, 2025, Plaintiff filed a response to the motions to dismiss.  Adv. Pro. ECF No. 28.  In her response, Plaintiff amplifies her allegations that the Defendants and the state court all engaged in fraud and this Court should not trust or rely on the records from the state court.

Response at 1–5, 7–9, 13–26.  Plaintiff states that *Rooker-Feldman*, estoppel, and Federal Rule of Civil Procedure 12(b)(6) do not apply to this action.  Response at 6.  Plaintiff argues this Court has jurisdiction because her claims are based on federal questions and Constitutional claims.  Response at 6, 10–11.  She also argues she could not have included her claims against the Defendants in her Schedules because she had not yet commenced her lawsuit.  Response at 12.  Further, she asserts there is no statute of limitations for fraud and that res judicata does not apply unless a case is fully litigated.  Response at 15, 23.  Plaintiff claims Defendants violated her bankruptcy discharge by marketing the Property causing "stalkers [and] attackers" to harass Plaintiff and her family members, by "lining up in and around her home. Taking pictures; setting up monitors and cameras with activated electronics on [Plaintiff's] wifi . . . ."  Response at 28.

First American filed its reply on February 19, 2025.  Adv. Pro. ECF No. 29.  The Court heard oral argument on February 20, 2025.

## DISCUSSION

Standards for Motion to Dismiss

Rule 7012(b) of the Federal Rules of Bankruptcy Procedure incorporates Rule 12(b)(6) of the Federal Rules of Civil Procedure and permits a bankruptcy court to dismiss an adversary proceeding if a plaintiff's complaint fails to state a claim upon which relief can be granted.  Fed. R. Bankr. P. 7012(b); Fed. R. Civ. P. 12(b)(6).  "The question in a Rule 12 motion to dismiss is 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'"  *In re Moyer Grp., Inc.*, 586 B.R. 401, 407 (Bankr. S.D.N.Y. 2018) (quoting *Medcalf v. Thompson Hine LLP*, 84 F. Supp. 3d 313, 320 (S.D.N.Y. 2015)).  The purpose of a Rule 12(b)(6) motion is assessing the legal feasibility of the complaint, rather than

weighing the evidence a plaintiff offers or intends to offer.  *Citibank, N.A. v. K-H Corp.*, 745 F. Supp. 899, 902 (S.D.N.Y. 1990).

When deciding a motion to dismiss for failure to state a claim, the Court is confined to "the allegations within the four corners of [the] complaint" which includes "any document attached to the [c]omplaint, any statements or documents incorporated in the [c]omplaint by reference, any document on which the [c]omplaint heavily relies, and anything of which judicial notice may be taken." *Libbey v. Vill. of Atl. Beach*, 982 F. Supp. 2d 185, 201 (E.D.N.Y. 2013); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002) (finding a document "integral" to a complaint where the complaint "relies heavily upon its terms and effect").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

On a motion to dismiss a complaint under Fed. R. Civ. P. 12(b)(6), a court must accept all facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Bellin v. Zucker*, 6 F.4th 463, 473 (2d Cir. 2021); *Secs. Inv. Prot. Corp. v. BDO Seidman, LLP*, 222 F.3d 63, 68 (2d Cir. 2000).  A court must accept all factual allegations in the complaint as true, even if the allegations are doubtful in fact. *Twombly*, 550 U.S. at 545–46.  A court, however, need only accept as true those allegations that are truly factual allegations as opposed to allegations that are conclusory or subjective characterizations.  *Iqbal*, 556 U.S. at 663 (noting "threadbare recitals of elements of a cause of

action, supported by mere conclusory statements" are insufficient); *Twombly*, 550 U.S. at 545

("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

than labels and conclusions, and a formulaic recitation of a cause of action's elements will not

do."); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory

allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a

motion to dismiss."); *see also* 2 James W. Moore et al., MOORE'S FEDERAL PRACTICE § 12.34 (3d

ed. 2025) (Courts need not accept as true "bald assertions, subjective characterizations, or legal

conclusions.").

In the case of a pro se litigant, a court reads the pleadings leniently and holds pro se

litigants "to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v.

Pardus*, 551 U.S. 89, 94 (2007); *see Lopez v. Jet Blue Airways*, 662 F.3d 593, 596 (2d Cir. 2011)

(a pro se plaintiff "is entitled to a particularly liberal reading" of his complaint). Nonetheless, a

pro se plaintiff must plead enough facts to state a claim for relief that is facially plausible and

contain factual allegations sufficient to raise a "right to relief above the speculative level."

*Johnson v. City of New York*, 669 F. Supp. 2d 444, 448–49 (S.D.N.Y. 2009) (citing *Twombly*, 550

U.S. at 555).

Generally, allegations outside the complaint, including new allegations in a plaintiff's

objection to a motion to dismiss cannot be considered by a court. *See In re Colonial Ltd. P'ship

Litig. v. Colonial Equities Corp.*, 854 F. Supp. 64, 79 (D. Conn. 1994) ("Allegations made

outside of the complaint are not properly before the court on a motion to dismiss."); *Morgan

Distrib Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) ("It is axiomatic that a

complaint may not be amended by the briefs in opposition to a motion to dismiss"); *O'Brien v.

Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) (same). However, where

8

the plaintiff is pro se, "a court may consider new allegations raised by the plaintiff in opposition to a motion to dismiss . . . if statements made outside the operative complaint demonstrate that a pro se plaintiff could state a claim, if allowed to amend . . . ." *Baker v. Bank of Am., N.A.*, No. 16-CV-488, 2016 WL 9409022, at *1 (S.D.N.Y. Oct. 31, 2016), *aff'd*, 706 F. App'x 43 (2d Cir. 2017). In such case, the Court must grant leave to amend. *Id.* Whether a plaintiff is pro se or not, leave to amend should be granted freely. *See Ridley v. Deutsche Bank Nat'l Tr. (In re Ridley)*, 453 B.R. 58, 77 (Bankr. E.D.N.Y. 2011); *Geltzer v. Brizinova (In re Brizinova)*, 554 B.R. 64, 88 (Bankr. E.D.N.Y. 2016) ("Where a plaintiff has made a single attempt to state a claim, and the prospect of a plausible claim is suggested, but not established, by the allegations, then it may be that a court's discretion should tip in favor of allowing an amendment.").

## I.    Plaintiff's Claim for Violation of the Automatic Stay

This Court has subject matter jurisdiction to hear and determine the Plaintiff's claim for violation of the automatic stay pursuant to 28 U.S.C. § 1334 because a claim for violation of the automatic stay arises under title 11 and in a case under title 11. Plaintiff's claim for violation of the automatic stay is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

To state a claim for damages for violation of the automatic stay under Bankruptcy Code section 362(k), the complaint must allege: "(1) that a bankruptcy petition was filed, (2) that the debtor is an individual, (3) that the creditor received notice of the petition, (4) that the creditor's actions were in willful violation of the stay, and (5) that the debtor suffered damages." *In re Leiba*, 529 B.R. 501, 506 (Bankr. E.D.N.Y. 2015); *Williams v. Wells Fargo Bank, N.A. (In re Williams)*, No.: 18-44707-ess, 2020 Bankr. LEXIS 1617 (Bankr. E.D.N.Y. June 18, 2020).

The Amended Complaint alleges BNY violated the automatic stay by appearing at a July 23, 2024 hearing in the foreclosure action. Am. Compl. ¶¶ 86-87. Plaintiff does not allege what,

Case 1-24-01097-jmm    Doc 35    Filed 03/13/25    Entered 03/13/25 14:39:45


if anything, BNY did at that hearing that violated the automatic stay or the damages Plaintiff sustained as a result of the appearance.  BNY admits it appeared but alleges the hearing was on Plaintiff's motion.  BNY Def. Mot. to Dismiss ¶ 32.  Plaintiff does not deny that allegation. BNY's appearance at a hearing that was scheduled by Plaintiff would not constitute a willful violation of the automatic stay.

The Amended Complaint also alleges that the Defendants violated the automatic stay by advertising the Plaintiff's house for sale after the commencement of this case.  Compl. ¶ 85.  The Response amplifies that allegation.

The Complaint fails to adequately plead a cause of action for violation of the automatic stay based on the marketing of the Property.  In that regard, Plaintiff has failed to make factual allegations (as opposed to conclusory allegations) that the Defendants willfully violated the stay. Further, the Amended Complaint fails to allege actual damages flowing from the alleged stay violation.  Most importantly, Plaintiff has failed to make any factual allegation (as opposed to conclusory allegations) that it was the Defendants that marketed the Property.  Based on the deficiencies in the Complaint, the Court will dismiss Plaintiff's claim that the Defendants violated the automatic stay.  However, the Court will dismiss the claim without prejudice because the Court believes that Plaintiff should have an opportunity to present factual allegations.

Claims under Bankruptcy Code section 362(k) for violation of the automatic stay may be brought by motion and need not be brought by commencing an adversary proceeding.  *See, e.g.*, *In re Ballard*, 502 B.R. 311, 316–17 (Bankr. S.D. Ohio 2013).  Therefore, if Plaintiff desires to assert a claim for violation of the automatic stay, she has the choice either to file a motion on the docket of the Bankruptcy Case or commence an adversary proceeding.  Any motion or adversary proceeding must be filed within thirty (30) days of entry of this decision.  Failure to file the

motion or commence the adversary proceeding timely shall result in dismissal with prejudice of Plaintiff's claim for violation of the automatic stay.

## II.    <u>Plaintiff's Claim for Violation of the Discharge Injunction</u>

This Court has subject matter jurisdiction to hear and determine the Plaintiff's claim for violation of the discharge injunction pursuant to 28 U.S.C. § 1334 because it is a claim that arises under title 11 and in a case under title 11.  Plaintiff's claim for violation of the discharge injunction is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

The Complaint seeks "sanctions against the offenders who intentionally violated the mortgage discharge . . . ." Am. Compl. at 29.  Plaintiff believes the Defendants violated the discharge injunction by seeking to enforce the mortgage and refusing to expunge the mortgage from the property records.  *Id.*

It is true Plaintiff received a chapter 7 discharge on September 24, 2024.  Order Discharging Debtor Chapter 7, Bankr. Case ECF No. 27.  A chapter 7 discharge, however, does not discharge a mortgage lien.  As stated by the Supreme Court of the United States:

> A mortgage is an interest in real property that secures a creditor's right to repayment. But unless the debtor and creditor have provided otherwise, the creditor ordinarily is not limited to foreclosure on the mortgaged property should the debtor default on his obligation; rather, the creditor may in addition sue to establish the debtor's in personam liability for any deficiency on the debt and may enforce any judgment against the debtor's assets generally. *See* 3 R. POWELL, THE LAW OF REAL PROPERTY ¶ 467 (1990). A defaulting debtor can protect himself from personal liability by obtaining a discharge in a Chapter 7 liquidation. *See* 11 U.S.C. § 727. However, such a discharge extinguishes only "the personal liability of the debtor." 11 U.S.C. § 524(a)(1). Codifying the rule of *Long v. Bullard*, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886), the Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy. *See* 11 U.S.C. § 522(c)(2); *Owen v. Owen*, 500 U.S. 305, 308–309, 111 S.Ct. 1833, 1835–1836, 114 L.Ed.2d 350 (1991); *Farrey v. Sanderfoot*, 500 U.S. 291, 297, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337 (1991); H.R.Rep. No. 95–595, *supra*, at 361.

*Johnson v. Home State Bank*, 501 U.S. 78, 82–83 (1991).

Accordingly, the Plaintiff's receipt of a discharge did not discharge the mortgage or other liens on the Property and acts to enforce the mortgage or liens did not violate the discharge injunction.  Therefore, Plaintiff's claim based on the Defendants' alleged violation of the discharge injunction is dismissed with prejudice.

**III.**    **Plaintiff's Remaining Causes of Action**

Plaintiff's claims based on violations of her Constitutional rights, fraud, fraud on the court and all other state law claims must be dismissed because the Court lacks subject matter jurisdiction.  *See In re Old DDUS, Inc*., 659 B.R. 810, 823 (Bankr. S.D.N.Y. 2024) (citing *Arbaugh v. Y&H Corp*., 546 U.S. 500 (2006) (holding that federal courts have an independent obligation to inquire into the existence of subject-matter jurisdiction).

The Court Lacks Subject Matter Jurisdiction Over Causes of Action that do not Arise in, Arise Under, and are not Related to a Title 11 Case

Under 28 U.S.C. § 1334(b), the Court has subject matter jurisdiction of all civil proceedings arising under title 11, arising in, or related to a case under title 11.  The Plaintiff's claims for fraud, fraud on the court[3], violation of her Constitutional rights, and other state law claims do not "arise under" title 11.  Further, those claims did not "arise in" this chapter 7 case; rather, the facts giving rise to the claims occurred prior to the commencement of this case. Accordingly, this Court would have subject matter jurisdiction over the causes of action in the Amended Complaint only if those causes of action are "related to" this chapter 7 case.

"A civil proceeding is 'related to' a title 11 case if the action's 'outcome might have any "conceivable effect" on the bankrupt estate.'"  *Parmalat Cap. Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011).  The outcome of this adversary proceeding can have no conceivable

---

[3] Plaintiff's allegations of fraud on the court are allegations that the Defendants committed fraud in the state court foreclosure action, not in this Court.

effect on the bankruptcy estate.  Judgment in favor of Plaintiff could not inure to the benefit of the bankruptcy estate because Plaintiff asserts those claims in her individual capacity and is not bringing the claims for the benefit of the bankruptcy estate and its creditors.  Similarly, judgment against Plaintiff will not hurt the bankruptcy estate or its creditors because this case is a "no asset" case and creditors are not receiving any distributions on account of their claims.[4]

### The Court Lacks Subject Matter Jurisdiction Based on the Rooker-Feldman Doctrine

The *Rooker-Feldman* doctrine gives effect to the principle that lower federal courts lack subject matter jurisdiction over a case if the exercise of jurisdiction would result in the "reversal or modification of a state-court judgment."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Hachamovitch v. DeBuono*, 159 F.3d 687, 693 (2d Cir. 1998).  The doctrine is restricted to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284.

*Rooker-Feldman* bars reconsideration of a state court judgment even if the party seeking relief alleges the state court judgment was obtained erroneously, fraudulently, or by a party that lacked standing.  *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (finding a federal court could not grant relief from foreclosure judgment, despite claims that judgment was obtained fraudulently and plaintiff lacked standing, because "[t]his would require the federal court to review the state proceedings and determine that the foreclosure judgment was issued in error."); *In re Ward*, 423 B.R. 22, 27–30 (Bankr. E.D.N.Y. 2010) (holding the court was barred by *Rooker-Feldman* from reconsidering foreclosure judgment despite

---

[4]  Because this case is a "no asset" case, creditors were not required to file proofs of claim.   Therefore, Plaintiff's allegation that Defendants committed fraud or malfeasance by failing to file a proof of clam is incorrect.

allegations that "no original note was produced, the the mortgage was rescinded, that the plaintiff in the action d[id]n't exist or that it was not a proper party to the foreclosure action, and that 'everything was done irregularly and underneath [the] table . . . .'") (citations omitted).

The doctrine, however, is not a blanket bar to a federal court's exercise of jurisdiction over claims stemming from the same facts as claims previously determined by state court. Lower federal courts do not lose jurisdiction merely because "a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . ." *Exxon Mobil Corp*., 544 U.S. at 293 (internal quotation marks and alterations omitted) (citations omitted)*; see Hoblock v. Albany Cnty. Bd. of Election*s, 422 F.3d 77, 87 (2d Cir. 2005) ("[A] plaintiff who seeks in federal court a result opposed to the one he achieved in state court does not, for that reason alone, run afoul of *Rooker–Feldman*.").

*Rooker-Feldman* applies only if: (1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state-court judgment; (3) the plaintiff is inviting the federal court to review and reject the state court judgment; and (4) the state-court judgment was rendered before federal court proceedings commenced. *Hoblock*, 422 F.3d at 85.

Here, all four of the *Rooker-Feldman* conditions are met. First, Plaintiff lost in the Foreclosure Action. Second, Plaintiff is complaining of the injuries caused by the JFS. Specifically, Plaintiff is complaining of the Defendant's enforcement of the JFS. Third, Plaintiff is inviting this Court to reject the JFS by, among other things, voiding the mortgage as a mortgage of record on the Property. Plaintiff asserts this Court must review and reject the JFS because, among other things, the Defendants lacked standing and the JFS was obtained by fraud. However, as set forth above, this Court may not review a final state-court judgment like the JFS

even if a plaintiff alleges the state-court judgment was obtained by fraud. Fourth, the JFS was rendered before the Bankruptcy Case was filed.

Therefore, due to 29 U.S.C. § 1334 and the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction to hear and determine the remaining causes of action asserted in the Amended Complaint, and those causes of action are dismissed without prejudice. *See Siegel v. Apergis*, 610 F. App'x 15, 16 (2d Cir. 2015) ("[D]ismissal for lack of subject matter jurisdiction must be without prejudice."); *accord J. J. Cranston Constr. Corp. v. City of N.Y.*, 602 F. Supp. 3d 373, 379 (E.D.N.Y. 2022); *Pereira v. Town of N. Hempstead*, 682 F. Supp. 3d 234, 248 (E.D.N.Y. 2023); *accord Hall v. I.R.S. (In re Hall)*, 629 B.R. 124, 143–44 (Bankr. E.D.N.Y. 2021).

## **CONCLUSION**

For the reasons set forth above:

1. Plaintiff's claim for violation of the automatic stay is dismissed without prejudice. Within thirty days of entry of this decision, Plaintiff may file a motion on the docket of the Bankruptcy Case or commence a new adversary proceeding asserting her claim; provided however, the claim shall be deemed dismissed, with prejudice, if the motion or adversary proceeding is not filed within thirty (30) days of entry of this decision.

2. Plaintiff's claim for violation of the discharge injunction is dismissed with prejudice.

3. All remaining claims are dismissed without prejudice.

**SO ORDERED:**

Dated: March 13, 2025
       Brooklyn, New York



Jil Mazer-Marino
United States Bankruptcy Judge

16